UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

        - v. -

LEROY SPENCE,

                Defendant.

- - - - - - - - - - - - - - - - - - x

**18 CRIM 721**

: CONSENT PRELIMINARY ORDER
  OF FORFEITURE AS TO
: SPECIFIC PROPERTY

: 18 Cr. \_\_\_\_

WHEREAS, on or about October 1, 2018 LEROY SPENCE, (the "defendant"), was charged in a three-count sealed Information, 18 Cr. \_\_\_\_\_, (the "Information"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); and conspiracy to commit bulk cash smuggling, in violation of Title 18, United States Code, Section 371, and Title 31, United States Code, Section 5332 (Count Three);

WHEREAS, the Information included a forfeiture allegation as to Counts One and Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28 United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the

commission of the offenses charged in Counts One and Two of the Information that the defendant personally obtained and the following specific property:

    a.    $60,000 in United States currency that was seized from the defendant on or about May 25, 2017 by the Jamaican Customs Agency at Sangster International Airport in Jamaica (the "Specific Property");

WHEREAS, the Information included a second forfeiture allegation as to Count Three of the Information seeking forfeiture to the United States, pursuant to Title 31, United States Code, Section 5332(b)(2), of any and all property, real and personal, involved in the offense charged in Count Three of the Information, and any property traceable thereto, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Three of the Information that the defendant personally obtained, and the Specific Property;

WHEREAS, on or about May 29, 2017, Jamaican authorities initiated forfeiture proceedings against the Specific Property in an effort to forfeit the Specific Property to the Jamaican government;

WHEREAS, on or about October 1, 2018, the defendant pled guilty to Counts One, Two, and Three of the Information, pursuant

to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegations with respect to Counts One, Two, and Three of the Information and agreed to forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 31, United States Code, Section 5332(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information and property involved in the offense charged in Count Three of the Information, including but not limited to the Specific Property;

WHEREAS, the defendant consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes proceeds traceable to the offenses alleged in Counts One, Two and Three of the Information and/or property involved in the offense charged in Count Three of the Information;

WHEREAS, the defendant further consents to an order releasing the Specific Property under control of the Jamaican authorities to the United States Customs and Border Protection (or its designee) in the United States; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific

Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorney, Assistant United States Attorney Cecilia E. Vogel, of counsel, and the defendant, and his counsel, Mark Panzavecchia, Esq., that:

1. As a result of the offenses charged in Counts One, Two, and Three of the Information, to which the defendant pled guilty, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the defendant, LEROY SPENCE, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific

Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and

circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

10. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property to Assistant United States Attorney Alexander J. Wilson, Chief of the Money Laundering and Asset Forfeiture Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

[REMAINDER OF PAGE PURPOSELY LEFT BLANK]

11. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _____    10/1/18
CECILIA E. VOGEL                          DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212)637-1084


LEROY SPENCE

By: _____    10/1/18
LEROY SPENCE                              DATE


By: _____    10/1/18
MARK PANZAVECCHIA, ESQ.                   DATE
Attorney for Defendant
Panzavecchia & Associates, PLLC
1050 Franklin Avenue, Ste. 300
Garden City, NY 11530


SO ORDERED:

_____         10/1/18
HONORABLE LAURA TAYLOR SWAIN              DATE
UNITED STATES DISTRICT JUDGE