UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:
                  - v. -                   :    CONSENT PRELIMINARY ORDER
                                           OF FORFEITURE/
:    MONEY JUDGMENT
LEROY SPENCE,
:    18 Cr. 721 (LTS)
                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about October 1, 2018, LEROY SPENCE (the "Defendant"), was charged in a three-count sealed Information, 18 Cr. 721 (LTS) (the "Information"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); wire fraud in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); and conspiracy to commit bulk cash smuggling, in violation of Title 18, United States Code, Section 371, and Title 31, United States Code, Section 5332 (Count Three);

        WHEREAS, the Information included a forfeiture allegation as to Counts One and Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information that the Defendant personally obtained, and the following specific property:

                a. $60,000 in United States currency, seized from the Defendant on or about April 25, 2017 by the Jamaican Customs Agency at Sangster International Airport in Jamaica (the "Seized Property");

WHEREAS, the Information included a second forfeiture allegation as to Count Three of the Information, seeking forfeiture to the United States, pursuant to Title 31, United States Code, Section 5332(b)(2), of any and all property, real and personal, involved in the offense charged in Count Three of the Information, and any property traceable thereto, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count Three of the Information, and the Seized Property;

WHEREAS, on or about October 1, 2018, the Defendant pled guilty to Counts One through Three of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One through Three of the Information and agreed to forfeit to the United States: (i) pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses alleged in Counts One and Two of the Information, including but not limited to all of his right, title, and interest in the Seized Property; and (ii) pursuant to Title 31, United States Code, Section 5332(b)(2), any and all property, real and personal, involved in the offense alleged Count Three of the Information, including but not limited to all of his right, title, and interest in the Seized Property;

WHEREAS, on or about February 5, 2021, the Government returned the Seized Property to one of the victims of the offenses alleged in Counts One through Three of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $224,706 in United States currency, representing the amount of proceeds traceable to

the offenses charged in Counts One and Two of the Information that the Defendant personally obtained, and property involved in the offense charged in Count Three of the Information; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained, and the property involved in the offense charged in Count Three of the Information cannot be located upon the exercise of due diligence with the exception of the Seized Property; and

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Cecilia E. Vogel, of counsel, and the Defendant, and his counsel, Mark Panzavecchia, Esq., that:

1. As a result of the offenses charged in Counts One through Three of the Information, to which the Defendant pled guilty, a money judgment in the amount of $224,706 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained, and the property involved in the offense in Count Three of the Information, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant LEROY SPENCE, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. The Seized Property shall be applied towards the partial satisfaction of the Money Judgment.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, and pursuant to Title 21, United States Code, Section 853, United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture shall be authorized to deposit the payments on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

7. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

8. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

9. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____     5/2/23
CECILIA E. VOGEL                         DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-1084


LEROY SPENCE

By: _____     5/2/23
LEROY SPENCE                             DATE

By: _____     5/2/23
MARK PANZAVECCHIA, ESQ.                  DATE
Attorney for Defendant
Panzavecchia & Associates, PLLC
1050 Franklin Avenue, Ste. 300
Garden City, NY 11530


SO ORDERED:

_____          5/1/23
HONORABLE LAURA TAYLOR SWAIN             DATE
UNITED STATES CHIEF DISTRICT JUDGE